**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                 Plaintiff,

CASE NO.: 98-80562

HON. PATRICK J. DUGGAN

v.

JUAN CARLOS ARBELAEZ-AGUDELO,

                 Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 22, 2010.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

On November 10, 2009, Juan Carlos Arbelaez-Agudelo ("Defendant") filed a motion for modification of sentence. On February 5, 2010, the government responded with a motion to transfer Defendant's motion to the Sixth Circuit as a successive petition brought by Defendant under 28 U.S.C. § 2255. For the reasons set forth below, the Court grants the government's motion.

**I. Background**

Defendant was convicted on December 9, 1998, of conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine. This Court sentenced Defendant to 236 months imprisonment. Defendant appealed and the Sixth Circuit affirmed

his conviction on August 27, 2001. On April 9, 2002, the Supreme Court denied Defendant's subsequent petition for a writ of certiorari.

In March 2003, Defendant returned to this Court and filed a motion to vacate his judgment and sentence pursuant to 28 U.S.C. § 2255. After full briefing and a hearing, the Court denied Defendant's motion on March 15, 2004. The Court subsequently granted Defendant a certificate of appealability but the Sixth Circuit affirmed this Court's decision on October 24, 2005. On March 24, 2006, the Supreme Court again denied a petition for writ of certiorari by Defendant.

As indicated above, Defendant filed the motion for modification of sentence presently pending before the Court on November 10, 2009. Therein, Defendant seeks a reduction of his sentence on grounds that his criminal history was improperly scored at sentencing and that he was denied proper credit for time served on a related offense.

**II. Analysis**

Among other things, 28 U.S.C. § 2255 allows a federal prisoner to seek amendment of his or her sentence where the sentence imposed violates the Constitution or the laws of the United States or exceeds the maximum sentence authorized by law. Although not specifically titled as a motion to amend pursuant to 28 U.S.C. § 2255, Defendant's present motion to modify his sentence is clearly authorized by that statute. Because Defendant previously filed a motion under 28 U.S.C. § 2255 that was fully adjudicated on the merits, this is Defendant's second 28 U.S.C. § 2255 motion.

A defendant seeking to file a second or successive motion under 28 U.S.C. § 2255

must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A), 2255(h). When a defendant files a second or successive motion in the district court without authorization from the court of appeals, the district court must transfer the motion to the court of appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Defendant has not demonstrated that any court of appeals has granted him permission to file another 28 U.S.C. § 2255 motion challenging his sentence. His failure to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear his claims. *Burton v. Steward*, 549 U.S. 147,149, 127 S. Ct. 793, 794 (2007) (*per curiam*).

Accordingly,

**IT IS ORDERED** that the Clerk of the Court is directed to transfer Defendant's motion to the United States Court of Appeals for the Sixth Circuit.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Juan Carlos Arbelaez-Agudelo
#07557-424
FCI Fort Dix-West
PO Box 2000
Unit 5 5803
Fort Dix, New Jersey 08640

Kathryn McCarthy, AUSA