UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

CASE NO.: 98-80562

HON. PATRICK J. DUGGAN

v.

JUAN CARLOS ARBELAEZ-AGUDELO,

         Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 22, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On November 10, 2009, Juan Carlos Arbelaez-Agudelo ("Defendant") filed a motion for modification of sentence. On February 5, 2010, the government responded with a motion to transfer Defendant's motion to the Sixth Circuit as a successive petition brought by Defendant under 28 U.S.C. § 2255. On February 22, 2010, the Court granted the government's motion and transferred the case to the Sixth Circuit. On March 1, 2010, the Court received Defendant's response to the government's motion to transfer. On March 9, 2010, the Court received a letter from Defendant requesting that the Court construe his March 1 response as a motion for reconsideration of the Court's February 22, 2010, opinion and order. For the reasons set forth below, the Court denies Defendant's motion for

reconsideration.

**I. Background**

Defendant was convicted on December 9, 1998, of conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine. This Court sentenced Defendant to 236 months imprisonment. Defendant appealed and the Sixth Circuit affirmed his conviction on August 27, 2001. On April 9, 2002, the Supreme Court denied Defendant's subsequent petition for a writ of certiorari.

In March 2003, Defendant returned to this Court and filed a motion to vacate his judgment and sentence pursuant to 28 U.S.C. § 2255. After full briefing and a hearing, the Court denied Defendant's motion on March 15, 2004. The Court subsequently granted Defendant a certificate of appealability but the Sixth Circuit affirmed this Court's decision on October 24, 2005. On March 24, 2006, the Supreme Court again denied a petition for writ of certiorari by Defendant.

As indicated above, Defendant filed a motion for modification of sentence on November 10, 2009. Therein, Defendant seeks a reduction of his sentence on grounds that his criminal history was improperly scored at sentencing and that he was denied proper credit for time served on a related offense. After receiving and considering the government's motion to transfer, the Court agreed that Defendant's motion constituted a successive motion brought pursuant to 28 U.S.C. § 2255 and transferred the case to the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A), 2255(h) (requiring that the appropriate court of appeals authorize district court consideration of a second of successive § 2255 motion). While a copy of this

Court's opinion and order to that effect was in the mail to Defendant, Defendant mailed his response to the government's motion to transfer to the Court. As requested in Defendant's subsequent filing, the Court now considers Defendant's response to the motion to transfer as a motion for reconsideration of the Court's February 22, 2010, opinion and order.

**II. Analysis**

In response to the government's motion to transfer, Defendant argues that he is entitled to relief because the government failed to oppose the merits of his motion for modification of sentence. As explained in the Court's February 22, 2010, order, however:

> A defendant seeking to file a second or successive motion under 28 U.S.C. § 2255 must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A), 2255(h). When a defendant files a second or successive motion in the district court without authorization from the court of appeals, the district court must transfer the motion to the court of appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).
> Defendant has not demonstrated that any court of appeals has granted him permission to file another 28 U.S.C. § 2255 motion challenging his sentence. His failure to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear his claims. *Burton v. Steward*, 549 U.S. 147,149, 127 S. Ct. 793, 794 (2007) (*per curiam*).

(Opinion and Order at 3.) Nothing in Defendant's response to the government's motion to transfer suggests that this Court has jurisdiction to consider the successive § 2255 motion. Therefore, Defendant must still obtain authorization from the court of appeals before this Court may consider the merits of his motion for modification of sentence.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Juan Carlos Arbelaez-Agudelo
#07557-424
FCI Fort Dix-West
PO Box 2000
Unit 5 5803
Fort Dix, New Jersey 08640

Kathryn McCarthy, AUSA